

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# Murphy v. Bendig

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Murphy v. Bendig" (2007). *2007 Decisions*. Paper 1189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4307
_____

SEAN D. MURPHY, a/k/a Sean Emmons; DAVID R. THOMPSON, Appellants

v.

J. SCOTT BENDIG, SERGEANT; JAMES REAPE, DETECTIVE

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 06-cv-02355)
District Judge:  Honorable John P. Fullam
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2007

Before:  FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>

(Filed:  April 27, 2007)

_____

OPINION
_____

PER CURIAM

        Sean Murphy and David Thompson appeal <u>pro</u> <u>se</u> from the District Court's order

denying their motion for summary judgment and granting defendants' motion for

judgment on the pleadings, which the District Court treated as a motion for summary

judgment.  For the following reasons, we will affirm.

I.

The following facts are uncontested.  At approximately 1:50 a.m. on October 18, 2004, defendant Bendig, a police officer, saw a rental moving van leave the driveway of a construction management company in Montgomery County, Pennsylvania.  Murphy was the driver and Thompson was a passenger.  Bendig, his suspicion aroused for reasons discussed below, immediately stopped the van.  After he ordered Murphy out of the van, both Murphy and Thompson fled on foot.  Both were apprehended, and Murphy was found in possession of burglary tools.  The van, later searched pursuant to a warrant, contained jewelry and prescription drugs stolen earlier that night from an adjacent Costco wholesale store.  Bendig learned of that burglary shortly after stopping the van.

Defendant Reape, a detective, later filed a criminal complaint in Montgomery County charging Murphy and Thompson with burglary and other state crimes (which they do not deny having committed).  Murphy and Thompson moved to suppress the evidence recovered from the van and their persons, arguing that Bendig lacked the "reasonable suspicion" necessary to support an investigatory stop of their van.  At the suppression hearing, Bendig testified that he stopped the van because he knew the construction company was closed for business at that late hour and he had never seen a vehicle of that kind leaving the premises.  He further testified that those circumstances aroused his suspicion because he knew the construction company had been burglarized before (in 1991), because an adjacent business had been burglarized in a similar manner in April,

2

2002, and because his field training officer had instructed him to "giv[e] a little more attention" to the area in light of the 1991 burglary and other criminal activities. The state court granted the motion to suppress. The Commonwealth appealed, but the Pennsylvania Superior Court affirmed on the grounds that the Commonwealth had waived all issues on appeal. The Commonwealth later dismissed all charges against Murphy and Thompson.

Murphy and Thompson then filed their complaint, asserting a claim under 42 U.S.C. § 1983 for violation of their Fourth Amendment rights, as well as claims for false arrest, false imprisonment and malicious prosecution. Bendig and Reape filed a motion for judgment on the pleadings, to which Murphy and Thompson responded by moving for summary judgment. The District Court, treating both motions as motions for summary judgment, entered judgment in favor of Bendig and Reape.[1]

## II.

### A.    § 1983 Claim

The only issues briefed by the parties concern appellants' § 1983 claim that Bendig violated their Fourth Amendment rights by stopping the van. The District Court correctly decided that Bendig was not collaterally estopped from litigating that issue by the state court's ruling. See Smith v. Holtz, 210 F.3d 186, 199 n.18 (3d Cir. 2000). On

---

[1]    We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of summary judgment. See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). In doing so, we view the uncontested facts in the light most favorable to Murphy and Thompson. See id.

3

the merits, the District Court concluded that Bendig had reasonable suspicion and that the stop was thus constitutional. We agree.[2]

Police officers may make brief, investigatory stops if, under the totality of the circumstances, they have a "reasonable, articulable suspicion that criminal activity is afoot." Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). A suspicion is reasonable if it is based on "some objective manifestation" that the target "is, or is about to be, engaged in criminal activity," but not if it is merely "an 'inchoate and unparticularized suspicion or hunch.'" Johnson v. Campbell, 332 F.3d 199, 206 (3d Cir. 2003) (citations omitted). "The ultimate question is whether a reasonable, trained officer standing in [Bendig's] shoes could articulate specific reasons justifying [appellants'] detention." Id.

We agree that Bendig articulated such specific reasons here. When Bendig stopped appellants' van, he knew that the construction company it was leaving, as well as an adjacent business, had been burglarized before in a similar manner. He also had never before seen a van leaving the construction company late at night while it was closed. Moreover, his training officer had instructed him to pay particular attention to the area

---

[2]   Appellants argue that the District Court based its Fourth Amendment ruling on factual findings not supported by the record, and that argument is well-taken in part. The uncontested facts that are supported by the record, however, adequately support the District Court's ruling. The District Court also concluded that Bendig was shielded from liability by qualified immunity. Because we do not find an underlying constitutional violation, we do not reach that issue. See Donahue v. Gavin, 280 F.3d 371, 378 (3d Cir. 2002).

4

because of prior criminal activities. In sum, Bendig relied on his experience, training, knowledge of prior criminal activity in the area, and the lateness of the hour, all of which are legitimate bases for reasonable suspicion. See United States v. Goodrich, 450 F.3d 552, 564 (3d Cir. 2006); Johnson, 332 F.3d at 206-07; United States v. Rickus, 737 F.2d 360, 365 (3d Cir. 1984). As appellants argue, Bendig did not have any reports of criminal activity in the area when he stopped their van and had not actually observed them doing anything illegal. But even innocent behavior can form the basis for reasonable suspicion when viewed through these lenses. See Goodrich, 450 F.3d at 564; Rickus, 737 F.2d at 365. Such was the case here. Accordingly, we agree with the District Court that Bendig's suspicion was objectively reasonable and that he was justified in stopping appellants' van.

B.     Claims for False Arrest, False Imprisonment and Malicious Prosecution

The District Court concluded that these claims fail as a matter of law because there was probable cause to arrest, imprison and prosecute Murphy and Thompson. On appeal, appellants do not argue that the District Court erred in dismissing these claims or raise any issues regarding them. Thus, appellants have waived any such issues. See Couden, 446 F.3d at 492.

Moreover, any such issues would lack merit. Whether characterized as § 1983 claims or tort claims under Pennsylvania state law, each claim requires a lack of probable cause. See Donahue, 280 F.3d at 379; Groman, 47 F.3d at 636; Renk v. City of Pittsburgh, 641 A.2d 289, 295 n.2 (Pa. 1994). The District Court's conclusion that

5

appellants' arrest, imprisonment and prosecution were supported by probable cause is clearly correct.  Accordingly, we will affirm the District Court's judgment.

6